**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA – TALLAHASSEE DIVISION**

IN RE                                                                    CASE NO.  23-40454-KKS
                                                                         CHAPTER 7

**Cody Joe McClure**
**Ashtin Denise McClure**
             **Debtors**

_____/

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY GUILD MORTGAGE COMPANY LLC
AMENDED TO CORRECT SIGNATURE BLOCK
(with Waiver of 30-day Hearing Notice)

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).**

**If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301 and serve a copy on the movant's attorney, , Esq. at Tiffany & Bosco, P.A., 1000 Corporate Drive, Suite 150, Ft. Lauderdale, Florida 33334, and any other appropriate person within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and may grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

**COMES NOW** Guild Mortgage Company LLC, its principals, investors, successors, and/or assigns, if any, (hereinafter "Secured Creditor"), by and through its undersigned counsel of record, Tiffany & Bosco, P.A., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtors' Chapter 7 bankruptcy and in support thereof, the Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362.  The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Debtors listed above (the "Debtors") filed a voluntary petition pursuant to 7 of the Bankruptcy Code on November 27, 2023.

3. The Debtors obtained a loan in the amount of $645,000.00 which was evidenced by a Promissory Note dated May 13, 2022 (the "Note").  See "Exhibit A" attached hereto.

4. Cody Joe McClure, a married man and Ashtin McClure, his wife executed a Mortgage dated May 13, 2022 (the "Mortgage"), to and in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Guild Mortgage Company LLC, a California Limited Liability Company and granted a first mortgage lien on real property (the "Property") located at 100 Cajer Posey Rd, Crawfordville, FL 32327, and legally described as:

SEE ATTACHED MORTGAGE FOR LEGAL DESCRIPTION

5. The Mortgage was recorded on May 19, 2022, in Official Book 1266, Page 250-270 of the Public Records of Wakulla-FL County.  See "Exhibit B" attached hereto.

6. The Debtors are indebted to Secured Creditor in the amount of $635,696.45 principal balance, plus any additional interest, advances, costs and attorneys' fees advanced by Secured Creditor, pursuant to the loan documents.  See "Exhibit C" attached hereto.

7. The Debtors have failed to remit payment to Secured Creditor since the installment due on July 1, 2023 and, therefore, the interests of Secured Creditor are not being adequately protected.

8. Upon information and belief, said property has not been claimed exempt and pursuant to the duly filed Statement of Intentions, the property is being surrendered.  The property has not been abandoned by the Trustee.

9.  Secured Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted to allow Secured Creditor to pursue in *rem* remedies given that its interests are not being adequately protected due to the failure of the Debtors to make payments prior to the filing of the instant bankruptcy petition and that there is no equity in the subject property for the benefit of unsecured creditors of the estate.

10. Furthermore, Secured Creditor's security interest in the property is being significantly jeopardized by the Debtors' failure to make said payments while Secured Creditor is prohibited from pursuing lawful remedies to protect said security interest.

11. Secured Creditor has incurred attorneys' fees of $750.00 and costs of $199.00 as a result of having to file this Motion.  Secured Creditor seeks an award of its fees and costs or, alternatively, leave to seek recovery of its reasonable bankruptcy attorneys' fees and costs in any pending or subsequent foreclosure action.

12. Secured Creditor respectfully requests the Court waives the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3), so Secured Creditor can pursue its in *rem* remedies without delay.

13. Secured Creditor has elected to file this Motion on negative notice pursuant to Local Rule 2002-2 and in doing so hereby waives its right to a hearing within thirty (30) days pursuant to 11 U.S.C. § 362(e).

14. Secured Creditor requests that the Court Order provides that all communications sent by Secured Creditor in connection with proceedings against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification,

Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent

to the Debtors.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so

that it may pursue *in rem* remedies to protect its security interests in the Debtors property outside

of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to

Bankruptcy Rule 4001(a)(3) be waived, that Secured Creditor be awarded its attorneys' fees and

costs for filing this Motion, that the Order be binding and effective despite any conversion of this

bankruptcy case to a case under any other chapter of Title 11 of the United States Code, that

Secured Creditor have relief from applicable provisions of FRBP 3002.1 and for such other relief

as the Court may deem just and proper.

        Respectfully submitted,

        /s/ Jason A. Weber
        Jason A. Weber, Esq.
        Fla. Bar No. 0051681
        Counsel for Secured Creditor

**TIFFANY & BOSCO, P.A.**
1000 Corporate Drive, Suite 150
Fort Lauderdale, Florida 33334
Telephone: (954) 828-1118
Facsimile: (954) 828-1101
Toll Free: (800) 826-1699
jaw@tblaw.com

I HEREBY CERTIFY in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid and or by Electronic Filing this 26TH day of December, 2023.

**SERVICE VIA FIRST-CLASS U.S. MAIL**

Cody Joe McClure and Ashtin Denise McClure
121 Jolin Lane
Weatherford FL 76088


**SERVICE VIA NOTICE OF ELECTRONIC FILING**

India Footman
1345 Cross Creek Circle
Tallahassee, FL 32301
indiafootman@footmanlaw.com

Theresa M. Bender
P.O. Box 14557
Tallahassee, FL  32317
tmbenderch7@gmail.com

U.S. Trustee
United States Trustee
110 E. Park Avenue Suite 128
Tallahassee, FL 32301
USTP.Region21@usdoj.gov


                                        /s/ Jason A. Weber
                                        Jason A. Weber, Esq.
                                        Fla. Bar No. 0051681

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA – TALLAHASSEE DIVISION**

IN RE                                                                    CASE NO.  23-40454-KKS
                                                                         CHAPTER 7

**Cody Joe McClure**
**Ashtin Denise McClure**
             **Debtors**
_____/

**AFFIDAVIT IN SUPPORT OF**
**MOTION FOR RELIEF FROM STAY**

STATE OF _____  )

COUNTY OF _____  )

BEFORE ME, the undersigned, Notary Public, personally appeared _____,

who is known to me and after being by me first duly sworn, deposes and says the following:

1.      I am making this Affidavit in connection with and support of the Motion for Relief from

stay filed by Movant, Guild Mortgage Company LLC, its principals, investors (hereinafter "Secured

Creditor"), a secured creditor in the above styled bankruptcy proceedings.

2.      Secured Creditor holds the subject Note and Mortgage.

3.      I am familiar with the loan made by Mortgage Electronic Registration Systems, Inc. as

nominee for Guild Mortgage Company LLC, a California Limited Liability Company to Cody Joe

McClure, a married man and Ashtin McClure, his wife which is the basis for Secured Creditor's status.

4.      Guild Mortgage Company LLC ("Secured Creditor") maintains a computerized account

of the loan including all receipts disbursements, charges and credits.

5.      The amount of the indebtedness and the nature and extent of default set forth in the

motion is derived from said computerized account of the Loan.

6.      I am the _____ (title) for Guild Mortgage Company LLC.  In that

capacity, I have access to said computerized account records.

7.      Said records are made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters, the records are kept in the course of Secured Creditor's regularly conducted activity and are made by Secured Creditor as a regular practice.

8.      In connection with this case, I have reviewed the aforementioned computerized account records, the loan documents and other business records of Secured Creditor.

9.      As of December 6, 2023, the subject loan has an outstanding principal balance of $635,696.45, plus advances made, attorneys' fees and costs, and interest accruing thereon in accordance with the loan documents.

10.     As of December 6, 2023, Debtors have defaulted on payments due to Secured Creditor by failing to make payment due on July 1, 2023 and all subsequent monthly payments.

11.     I have reviewed the documents attached as exhibits to the Motion and they are true and accurate copies of the original documents.

12.  This Affidavit is signed under penalty of perjury as being true and correct based on my personal knowledge of Secured Creditor's books and business records and is intended to show that there is available competent testimony which can be introduced at evidentiary hearing, if necessary.

**FURTHER AFFIANT SAYETH NAUGHT**

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to by me on this _____ day of _____, 2023.


_____
Affiant

Sworn to and subscribed before me on this _____ day of _____, 2023.


_____
Notary Public
My Commission Expires: _____

# Addendum

Post-Petition Amounts Due:

| | |
|---|---|
| Monthly Payment Amount | $4,218.29 |
| Date of Last Payment | |
| Number of Missed Payments | 6 |
| Amount of Missed Payments | 25,117.34 |
| Dates of Missed Payments | 7/1/2023<br>8/1/2023<br>9/1/2023<br>10/1/2023<br>11/1/2023<br>12/1/2023 |